

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLARICE A. IVY          *

     v.                    *   Civil No. JFM-06-1361

BOARD OF EDUCATION OF   *
BALTIMORE COUNTY        *

\*\*\*\*\*

## MEMORANDUM

Plaintiff has instituted this *pro se* action against her former employer, the Board of Education of Baltimore County for employment discrimination. Discovery has been completed, and defendant has filed a motion for summary judgment. Plaintiff has filed a response to the motion. Plaintiff has not presented any evidence to support her claims.[1]

Plaintiff asserts claims for race discrimination, religious discrimination, age discrimination, and disability discrimination. As to each of these claims, she testified on deposition that she could not describe any facts supporting those claims. (Race discrimination: pl's Dep. at 82:14-17, 83:21-84:8; Religious discrimination: pl's Dep. at 84:9-85;6; Age discrimination: pl's Dep. at 90:11-14, 91:5-11; Disability discrimination: pl's Dep. at 125:8-12.)

Plaintiff has presented nothing else in the summary judgment to substantiate any of her claims. Specifically, to the extent that she complains about alleged failures to promote her to a

---

[1] In her opposition plaintiff contends "that the representatives on behalf of the Board have no evidentiary matter in support of the motion" and that they "have proved no information that proves the Defendant . . . has not, and possibly has no intention of providing the important, vital information that they know will prove my claim of discrimination [sic]." Of course, at the summary judgment stage, it is not the duty of the moving party to present evidence disproving the claim of an opposing party. Rather, the party asserting the claim "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,, 250 (1986).

different position, she has not identified any particular job for which she applied that she was qualified to fill or the identity and qualifications of any other person hired for that position. Likewise, to the extent that her claim is based upon alleged failures to transfer, she has pointed to no evidence showing that any position for which she sought transfer actually existed or that they were vacant when she sought to be transferred.

As to plaintiff's age discrimination claim, she alleges that "[w]e . . . [were] constantly reminded that [Southwest Academy] (my building) wants a young staff and most of the Leadership positions are held by younger staff member [sic] even in their first year in the building." Such a vague allegation, without any supporting particulars, is not a sufficient basis for withstanding the Board's summary judgment motion. Likewise, as to plaintiff's disability claim, plaintiff has not presented any evidence showing that the Board took any adverse employment action her because of her disability or that she was performing her job at a level that met the Board's legitimate expectations. These are essential elements of a disability claim. *See Rohan v. Networks Presentations, LLC*, 375 F.3d 226 (4th Cir. 2004). Finally, plaintiff has presented no evidence to support her claim that she was discriminated against in retaliation for having asserted her claims under the federal civil rights laws.

A separate order granting the Board's summary judgment motion is being entered herewith.

Date: April 30, 2007

J. Frederick Motz
United States District Judge